UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MOMOLU B. STEWART | DOCKET NO. 1:15-CV-397; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by Momolu B. Stewart. Petitioner is in the custody of the federal Bureau of Prisons, incarcerated at the United States Penitentiary at Pollock, Louisiana. Petitioner challenges a disciplinary conviction and seeks expungement of the conviction.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Facts and Procedure*

On September 12, 2013, while incarcerated at FCC Coleman, Petitioner was charged with Offense Code 205, Engaging in Sexual Acts. A Disciplinary Hearing Officer hearing was conducted on September 24, 2013. Petitioner denied the charge. However, the DHO found Petitioner guilty based on the facts presented in the body of the disciplinary report. Petitioner was sanctioned with thirty days disciplinary segregation and 180 days loss of visiting, commissary, and telephone privileges. [Doc. #1, p.19-20]

*Law and Analysis*

Petitioner challenges his disciplinary conviction on the grounds that Code 205 is a "rape code" and he did not rape anyone, and that he did not make sexual contact as outlined in 18 U.S.C. §2246. [Doc. #1, p.11] He also claims that he was deprived of a fair and impartial hearing because the DHO did not review the investigator's report, surveillance footage, or Petitioner's statement.

Relief by way of a writ of habeas corpus extends to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Petitioner does not seek a speedier release from custody, as the duration of Petitioner's confinement was not affected by the disciplinary conviction that he challenges. He was not sanctioned with the loss of good time for the offense.

The Supreme Court has historically held that the due process clause is applicable to disciplinary proceedings *only where a prisoner is threatened with a loss of good time*. See Wolff v. McDonnell, 418 U.S. 539 (1974). When a prisoner has a liberty interest in good time credit, revocation of such credit must comply

with minimal procedural requirements. See <u>Henson v. United States Bureau of Prisons</u>, 213 F.3d 897, 898 (5th Cir. 2000). Absent a loss of good time or other atypical punishment, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action. See <u>Sandin v. Conner</u>, 515 U.S. 472, 486 (1995). Loss of privileges such as commissary, telephone, and visitation do not trigger due process protections. See <u>Malchi v. Thaler</u>, 211 F.3d 953, 958 (5th Cir. 2000). Furthermore, imposition of solitary confinement, or disciplinary segregation, absent atypical punishment, does not trigger due process protection. See <u>Wilkinson v. Austin</u>, 545 U.S. 209 (2005).

Petitioner did not lose good time or suffer any atypical punishment.

### *Conclusion*

The Court has given the petition preliminary consideration pursuant to 28 U.S.C. § 2243[1] and Rule 4 of the Rules Governing §2254 Cases in the United States District Courts,[2] which is applicable to §2241 petitions under Rule 1(b).[3] According to Rule 4, a district court may dismiss an application for habeas corpus

---

[1] 28 U.S.C. § 2243 (West 2010) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] 28 U.S.C. § 2254 PROC. R. 4 (West 2010).

[3] See id. at PROC. R. 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").

relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[4] Such is the case in the captioned matter.

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED**, with prejudice.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

---

[4] Id. at PROC. R. 4.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 26th day of March, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE